J-S73022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES LEE STANLEY, :
:
Appellant : No. 549 MDA 2017

Appeal from the PCRA Order March 8, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001321-2005,
CP-06-CR-0003610-2004

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.: **FILED MARCH 26, 2018**

Appellant, James Lee Stanley, appeals *pro se* from the March 8, 2017 Order entered in the Berks County Court of Common Pleas dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

In June 2006, a jury convicted Appellant of burglarizing two separate residences. On July 7, 2006, the trial court sentenced Appellant to an aggregate term of 19 to 38 years' imprisonment. This Court affirmed Appellant's Judgment of Sentence on April 7, 2008. ***Commonwealth v. Stanley***, 953 A.2d 840 (Pa. Super. 2008) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal.

_____
* Retired Senior Judge assigned to the Superior Court.

On June 26, 2008, Appellant filed his first *pro se* PCRA Petition, in which he alleged a **Batson** violation.[1]  The PCRA court appointed counsel and eventually permitted counsel to withdraw pursuant to **Turner/Finley**.[2]

On January 5, 2009, the PCRA court dismissed Appellant's PCRA Petition.  This Court affirmed on October 8, 2009, and our Supreme Court denied allowance of appeal.  **Commonwealth v. Stanley**, 988 A.2d 731 (Pa. Super. filed Oct. 8, 2009) (unpublished memorandum), *appeal denied*, 4 A.3d 1053 (Pa. filed Aug. 23, 2010).

On June 11, 2015, Appellant filed the instant *pro se* PCRA Petition, his second, claiming, *inter alia*, ineffectiveness of trial and PCRA counsel.  The PCRA court appointed counsel, and counsel eventually sought to withdraw pursuant to **Turner/Finley**.

On February 10, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P.

---

[1] **Batson v. Kentucky**, 476 U.S. 79 (1986) (holding that while a defendant has no right to a jury composed in whole or in part of persons of his own race, the Equal Protection Clause guarantees that the government will not exclude members of the defendant's race from the jury venire based on race).  **See also Commonwealth v. Garrett**, 689 A.2d 912, 915 n.3 (Pa. Super. 1997) (observing that the U.S. Supreme Court has expanded the principles in **Batson** and held that "*any* racial discrimination in the jury selection process violates the rights of the excluded jurors and fundamentally undermines the integrity of the judicial process." (citing **Georgia v. McCollum**, 505 U.S. 42 (1992))).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

907. Appellant responded *pro se* on March 6, 2017. On March 8, 2017, the PCRA court dismissed Appellant's PCRA Petition.

On March 27, 2017, Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents six issues for our review:

1) Did attorney Randall L. Miller, Esq., render ineffective assistance of counsel?

2) Did the prosecution bring in perjury [*sic*] testimony?

3) Did the Commonwealth's evidence support this conviction?

4) Did the judge along with the district attorney allowed [*sic*] a member from jury to hear testimony knowing she was related to the alledged [*sic*] victim?

5) The Commonwealth's key witness knew he didn't have evidence to support there [*sic*] case. So why were charges brought against Defendant?

6) Did attorney Osmer S. Deming, Esq. render ineffective assistance?

Appellant's Brief at 5-6 (suggested answers omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on May 7, 2008, upon expiration of the time to file a Petition for Allowance of Appeal with our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). In order to be timely, Appellant needed to submit his PCRA Petition by May 7, 2009. *Id*. Appellant filed this PCRA Petition on June 11, 2015, more than seven years after his Judgment of Sentence became final. The PCRA court properly

concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 4/20/17, at 6.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, Appellant makes two arguments with respect to his attempt to invoke a timeliness exception. First, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii) with respect to his claim that trial counsel was ineffective for failing to investigate Appellant's competency issues. Appellant's Brief at 15. In support of his claim of a timeliness exception, Appellant baldly avers that on May 20, 2015 he discovered that he was mentally incompetent throughout all court proceedings. Appellant's Brief at 15.

The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence [prior to trial]." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

The PCRA court concluded that Appellant (1) "does not attempt to explain why or how his alleged incompetency only became known to him on May 20, 2015, nearly nine years after his trial[;]" (2) "did, in fact, have knowledge about his alleged mental incompetence prior to trial, well before May 20, 2015" because he alleged that he conveyed these concerns to his

trial counsel; and (3) failed to demonstrate due diligence. PCRA Court Opinion at 7-8. We agree with the PCRA court's assessment.

Appellant also claims that his "actual innocence" entitles him to relief or a timeliness exception. Appellant's Brief at 17-18. In support, Appellant argues that the Commonwealth did not prove its burden beyond a reasonable doubt. Appellant's Brief at 17-27. This is, in essence, a challenge to the sufficiency and weight of the evidence.

Challenges to the sufficiency and weight of the evidence are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005). Appellant's attempt to fashion his sufficiency and weight claim into an "actual innocence" argument fails.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court Opinion at 5-8. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/26/2018